UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE CLUB AT MAIN STREET PARTNERS,
LTD; CED CAPITAL HOLDINGS IV B, LTD;
CED CAPITAL HOLDING IV B, INC.; CED
CONSTRUCTION PARTNERS, LTD;
SANDSPUR HOUSING PARTNERS, LTD;
CONCORD MANAGEMENT, LTD; and CED
CAPITAL HOLDINGS, XIV M L.L.C.,

    Plaintiffs,

vs.                                       Case No.  3:00-cv-1301-J-32MCR

CITY OF JACKSONVILLE, FLORIDA,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Motion for Order Lifting Stipulated Protective Order and to Compel Compliance with Chapter 119, Florida Statutes (Doc. No. 66) filed December 1, 2005 by non-party, Punta Gorda Housing Authority ("PGHA"). Plaintiffs filed a response in opposition on December 20, 2005.  Accordingly, the matter is now ripe for judicial review.

The non-party, PGHA, seeks an Order lifting the Stipulated Protective Order entered by this Court on June 4, 2002 (Doc. 33) and directing that PGHA "be afforded immediate and unfettered access to the requested public records" they seek from Plaintiffs.  Although the motion appears to seek an Order of this Court lifting the protective order, PGHA has failed to comply with the procedural requirements

-1-

necessary to obtain such relief.  First, as PGHA is not a party before this Court, in order to obtain the relief they request, PGHA is required to file a motion seeking to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  See Butterworth v. Jones Chemicals, Inc., 148 F.R.D. 282, 285 (M.D. Fla. 1993) (noting that correct procedure for seeking modification of protective order is to seek leave to intervene pursuant to Rule 24(b), Fed.R.Civ.P.)  PGHA has failed to do so.

Second, before a protective order can be modified, several factors must be considered by the Court.  For example, the Court needs to consider the reliance placed by the parties on the protective order, the integrity of court orders (see SRS Technologies, Inc. v, Physitron, Inc., 216 F.R.D. 525, 530 (N.D. Ala. 2003)), as well as the status and needs of the entity seeking modification and the pendency of other litigation brought by the entity seeking modification (see McCarty v. Bankers Ins. Co., Inc., 195 F.R.D. 39, 42 (N.D. Fla. 1998).  PGHA has provided the Court with no information revealing why it is necessary or advisable for the Court to modify a protective order entered between Plaintiffs and Defendants in the underlying action. Accordingly, after due consideration, it is

**ORDERED**:

The Motion for Order Lifting Stipulated Protective Order and to Compel Compliance with Chapter 119, Florida Statutes (Doc. 66) filed by non-party, Punta Gorda Housing Authority is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th   day of January, 2006.

                                                  *Monte C. Richardson*
                                                 MONTE C. RICHARDSON
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party